

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2499 | **DATE** | 5/14/2002 |
| **CASE TITLE** | Justin Haddix vs. Yetter Manufacturing Co. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Einecker now petitions this court for a finding that he was a federal employee. We also decline to do so. Accordingly, we deny the petition and remand the case to state court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **MAY 1 5 2002** | |
| | Notified counsel by telephone. | | date docketed | 54 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUSTIN HADDIX, )
)
Plaintiff, )
)
vs. ) No. 01 C 2499
)
YETTER MANUFACTURING )
COMPANY, et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

A press owned and operated by defendant Yetter Manufacturing Co., and manufactured by Danly Machine, L.P. (Danly), allegedly malfunctioned and caused plaintiff grievous personal injuries. Shortly thereafter an OSHA inspector, Evans, arrived to investigate possible safety violations. He interviewed various employees but waited until the following day because Matthew Einecker, who owns Control Reliability Engineering, Ltd., was due to arrive to operate and inspect the press. Einecker did then operate and inspect the press while Evans videotaped that operation and inspection. Plaintiff has alleged that Einecker and his company are liable to him due to their spoilation of evidence.

Einecker and his company, claiming that he was a federal employee for the purposes of the Federal Tort Claims Act, removed plaintiff's state court case to this court and petitioned the government to recognize him as a federal employee, which would shift the potential liability to the federal government. This the government has declined to do, and Einecker now petitions this court for a finding that he was a federal employee. We also decline to do so. Accordingly, we deny the petition and remand the case to state court.

The argument for federal status is as follows: Government liability under the Federal

Tort Claims Act arises from the acts or omissions of employees of the government. Those employees include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation ...." 28 U.S.C. §2671. The OSHA inspector was in charge of the inspection and Einecker was subject to his direction. 29 U.S.C. §657(a)(2); 29 CFR 1908. Evans therefore had control of Einecker's detailed physical performance, whether that control was exercised or not. Einecker thus became a temporary government employee without compensation for the purposes of the Federal Tort Claim Act. *See* United States v. Orleans, 425 U.S. 807, 814 (1976); Logue v. United States, 412 U.S. 521, 527-28 (1973); Fried v. United States, 579 F.Supp. 1212 (N.D. Ill. 1983).

But that proves too much. Pursuant to that reasoning the government waives its immunity and subjects itself to liability for the conduct or omissions of every person who participates in any way in whatever occurs during an OSHA inspection. Here there were, simultaneously, two inspections, one by OSHA and the other by Danly. Einecker went to the plant with the Danly attorney at the direction of Danly to determine what went wrong and to prevent it from happening again. He was paid by Danly, he took photographs which he furnished to Danly, and he prepared a report for Danly. Einecker had no contract with the government, Evans did not tell him what to do, and, indeed, the two had no meaningful conversation. Evans, obviously, wanted to see the machine in operation as one aspect of his investigation and inspection, and if Einecker had not been available to operate the press a Yetter employee would have acted as the operator. Evans, as part of his inspection, videotaped Einecker's inspection. He thereafter, after further investigation, issued 52 citations for plant safety violations, only a few of which relate to the Danly press.

The coverage of the Federal Tort Claims Act extends to "corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. §2671. The extent to which the government reserves the authority to control the detailed physical performance of its contractor is a useful standard to ascribe, or not to ascribe, governmental liability for the actions or inactions of a governmental contractor or, another characterization, to differentiate between a corporation primarily acting as an instrumentality of the United States and a contractor for whom the government is not liable. That was the standard adopted in Orleans and Logue, *supra.*

But Einecker was not even a government contractor. It may well be that a person not a contractor can be deemed a government employee if he makes an inspection on behalf of the government, as a substitute for a government inspector, pursuant to government standards and requirements and subject to its review. *See* In re Air Crash Disaster Near Silver Plume, Colo., 445 F.Supp. 384 (D.Kans. 1977). But Einecker was not an OSHA surrogate. We cannot conclude, by a preponderance of the evidence, Green v. Hall, 8 F.3d 695 (9th Cir. 1993), that he was acting on behalf of OSHA in an official capacity in the service of the United States. He was acting on behalf of Danly and not as a government employee.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 14, 2002.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Justin Haddix

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 2499

Yetter Manufacturing Company et al.

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Einecker now petitions this court for a finding that he was a federal employee. Accordingly, we deny the petition and remand the case to state court.

Michael W. Dobbins, Clerk of Court

Date: 5/14/2002

Willie A. Haynes, Deputy Clerk